**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| MARCIA MACKO ) | CASE NO. 1:08CV2118 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. ) | |
| ) | O R D E R |
| WAL-MART STORES EAST, INC., et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

        On September 3, 2008, the Plaintiff filed the above-entitled action. The record indicates that the Plaintiff has failed to serve Defendant JEREMY HORNE as required by the Federal Rules of Civil Procedure. Once a Plaintiff has commenced an action in the federal courts, the burden is upon that party to obtain service of process upon each defendant. To effectuate service upon a defendant, the Plaintiff is required by the Civil Rules to act in a reasonable and diligent manner. Specifically, Rule 4(m) of the Federal Rules of Civil Procedure provides:

> (m) Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected with a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

.

    Because there is nothing in the record to show why the Plaintiff was unable to obtain service

upon the defendant within 120 days, the Court notifies the Plaintiff that unless good cause is shown for failure to serve said Defendant as provided under the Rules, this Defendant will be dismissed without prejudice on JANUARY 5, 2009.

        IT IS SO ORDERED.

Dated: December 5, 2008

                                    *S/CHRISTOPHER A. BOYKO*
                                    HONORABLE CHRISTOPHER A. BOYKO
                                    UNITED STATES DISTRICT JUDGE